The document below is hereby signed.

Signed: June 2, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )      Case No. 98-01321
BETTY J. PAIGE,                )      (Chapter 13)
                               )
            Debtor.            )      **Not for Publication in**
                               )      **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On April 26, 2011, General Electric Co. filed an application

for release of unclaimed funds in the amount of $90.35 (Dkt. No.

38).  General Electric's application states that it is unaware why

the funds went unclaimed, that account records regarding the

amounts owed on the debt have not been maintained, and that it

cannot certify that the debt remains unpaid.

The burden is on General Electric to demonstrate that it is

entitled to the funds sought.  *Hansen v. United States,* 340 F.2d

142, 144 (8th Cir. 1965).  Although the record before the court

demonstrates that GE Card Services was at one time entitled to the

funds, General Electric has not demonstrated a present

entitlement.  The court requires pursuant to 28 U.S.C. § 2042[1] that the withdrawal of the funds and payment to General Electric be ordered only upon a demonstration by General Electric of a **present** right to the funds.  *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

Although the funds were originally distributed by check made payable to GE Card Services pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of General Electric's **present** entitlement to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment).  If General Electric's claim that was the basis for the issuance of the distribution has

---

[1] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States.  Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him.  [Emphasis added.]

2

already been satisfied, circumstances have changed such that General Electric is no longer entitled to the funds. *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Any overpayment that might result from payment of the unclaimed funds to General Electric is not simply a matter to be resolved by General Electric and the debtor.  Instead, § 2042 requires that the court determine General Electric's entitlement to the funds.[2]  It is thus

ORDERED that General Electric's Application for Release of Unclaimed Funds (Dkt. No. 38) is DENIED without prejudice.

[Signed and dated above.]

Copies to:

General Electric
ATTN: Maureen P Carter
4211 Metro Parkway
Fort Myers, FL 33906

---

[2] 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money."  Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court.  *Hansen*, 340 F.2d at 144.  The court does not address which entity or entities--the debtor, the unsecured creditors in the case (assuming their allowed claims were never paid), or the trustee as a representative of the unsecured creditors--are entitled to the funds in the event that General Electric is not entitled to the funds.  Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.